IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03155-MEH

JONATHAN P. HADFIELD,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF HOMELAND SECURITY, and
TRANSPORTATION SECURITY ADMINISTRATION,

    Defendants.

---

## ORDER
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendants' Motion to Dismiss, or, in the Alternative for Summary Judgment (ECF 26). Plaintiff did not file a response that addressed the legal arguments in Defendants' Motion. He did file a document titled "Plaintiff[']s Motion to Show Cause," ECF 40, in which he discussed some proceedings that had occurred during several conferences before the Court, as well as reasons why he believes the documents submitted by the Defendants are not reliable, are altered, or contain false information. After the Motion was briefed, the Court issued an Order to Show Cause (OSC) (ECF 45), which directed the parties to address the applicability of the Civil Service Reform Act (CSRA) to this case and permitted Plaintiff to file additional arguments concerning the Motion. Defendants responded to the OSC, ECF 46, and Plaintiff did so as well. ECF 47. Because it is clear that this Court does not have jurisdiction over Plaintiff's claims, the Motion is granted.

Plaintiff was formerly employed by Defendant Transportation Security Administration (TSA) as a security screener. On July 31, 2015, he left work due to "severe head pain." Compl. 4, ECF 2; Declaration of Brett Barber ("Barber Decl.") ¶ 4. The TSA placed him in a Leave Without Pay (LWOP) status. Declaration of Julie Patton ("Patton Decl.") ¶ 5. Plaintiff never returned to work.

From July 31, 2015 until March 14, 2018, Plaintiff remained a TSA employee on LWOP status; on that latter date, he was approved by the Office of Personnel Management (OPM) for disability retirement. Patton Decl. ¶ 6. He had applied for disability retirement in approximately March 2016. Compl. 4. Plaintiff alleges that he had no contact with his agency until June 2017 regarding his application. *Id.* Defendants allege that the OPM contacted Plaintiff in November 2016 and May 2017 regarding his application. Motion at 2. These differing versions are not material to the Court's disposition.

On March 21, 2016, Plaintiff signed a Department of Homeland Security checklist regarding his extended LWOP, Patton Decl. ¶¶ 7-8, which informed Plaintiff that his coverage under the Federal Employees Health Benefits (FEHB) program would be terminated after 365 days in LWOP status. Patton Decl. ¶ 9. His FEHB enrollment ended on August 6, 2016. Patton Decl. ¶¶ 11-12.

During his time on LWOP, the TSA proposed to terminate Plaintiff. Am. Compl., attachments at pp. 35-37, ECF 18. As noted above, Plaintiff was not removed but instead received a disability retirement. However, during the proposed removal process, the TSA threatened Plaintiff with a civil penalty for not returning his work uniform and equipment. *Id.* at 32-33.

Plaintiff brings three claims in this case. The first claim alleges negligence under the Federal Tort Claims Act (FTCA), based on the delay in processing and approving his application for disability retirement. The second claim, also under the FTCA, alleges fraud/gross negligence arising from the termination of Plaintiff's FEHB benefits. The third claim alleges official misconduct concerning Plaintiff's proposed removal and the threat of civil penalty based on Plaintiff's failure to return TSA property.[1]

Defendants' Motion raises numerous legal arguments concerning the infirmity in Plaintiffs' claims. After reviewing the Motion and Plaintiffs' Complaint and Amended Complaint, the Court determined that the CSRA (a statute not raised in the Motion) may preempt any claims under the FTCA and requested the parties to address this issue.

In short, I agree with the Defendants' Response to Order to Show Cause. The CSRA, 5 U.S.C. §§ 1101 *et seq.*, is "a comprehensive system for reviewing personnel action taken against federal employees." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012). As many cases have held, the CSRA is the exclusive remedy when a federal employee challenges agency action. *E.g.*, *Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000) ("Congress intended that the CSRA would operate to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship."). It is noteworthy that Plaintiff makes no allegation of discrimination, just misconduct on the part of his employer. Unfortunately, the record contains no information that Plaintiff pursued his personnel rights under the CSRA. This failure would bar Plaintiff seeking review under any other statute.

---

[1] During the pendency of this action I supervised Plaintiff's return of TSA property, which occurred in open court. I believe that issue is resolved, and there is no longer any threat of a civil penalty.

As the Government notes, the Aviation and Transportation Security Act of 2001 (ATSA) displaces the CSRA (and all other federal personnel statutes or regulations) as the sole remedy for challenging personnel actions for TSA screeners. 49 U.S.C. § 44935 note. Recently, the Second Circuit noted the "developing consensus in favor of ATSA preclusion of judicial action" reviewing *any* personnel action involving a TSA screener. *Connors v. United States*, 863 F.3d 158, 161-62 (2d Cir. 2017). The Government reasons that the CSRA is the only remedy for federal employees challenging personnel actions and, even though the ATSA exempts TSA screeners from coverage under the CSRA, no other legal principle is available to resurrect Plaintiff's claims. In other words, the ATSA, which restricts a security screener's available remedies under the CSRA, cannot act as a means of resurrecting an FTCA claim that is otherwise barred. Therefore, Plaintiff's claims must be dismissed.

The record before me has indications that Plaintiff certainly endured significant delays in having his disability rights determined by his employer. However, a federal court exercises limited jurisdiction as defined by the Constitution and laws of the United States, including judicial precedent. In his response to the Court's Order to Show Cause, Plaintiff explains why his claims are justified *under the facts*, and he even adds several claims, but he does not address the fundamental issue of the Court's jurisdiction over those claims, *even if the facts as he alleges are true*. The United States, as a sovereign nation, has the authority to either assert, or waive, its immunity to lawsuit. This concept of sovereign immunity precludes federal court jurisdiction in the absence of a specific waiver. *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1294 (10th Cir. 2017). Although the FTCA is a waiver of sovereign immunity as to certain claims against the United States, the CSRA creates an exception to that waiver, such that actions within

the scope of the CSRA prohibit the Court's exercise of jurisdiction under the FTCA. The ATSA further restricts actions against the TSA even if those actions are not barred by the CSRA. I apologize for all the acronyms, but this is the shortest and clearest way of saying that sovereign immunity bars the Plaintiff from seeking individual damages against the Defendants. If all the misconduct he alleges is true, there may be other laws that would hold the Defendants accountable, but as for this lawsuit, the laws and precedent cited above dictate that Plaintiff is barred from seeking relief. This Court does not have subject matter jurisdiction. This case must be dismissed.

Accordingly, Defendants' Motion to Dismiss, or, in the Alternative for Summary Judgment [filed June 28, 2019; ECF 26] is **granted** and this case is closed.

SO ORDERED.

DATED this 12th day of November, 2019, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge